**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

Lawrence P. Eagel
810 Seventh Avenue
Suite 620
New York, NY 10019
Tel: (212) 308-5888
eagel@bespc.com

March 24, 2026

**VIA ECF**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 1610
New York, N.Y. 10007

> **Re**: *Aaron et al. v. Hunsicker et al.*, **No. 1:26-cv-00614 (VM)**
> **Plaintiffs' Letter Motion for Stay**

Dear Judge Marrero:

We represent Plaintiffs[1] in the above-referenced action and write to respectfully request a stay of these proceedings until July 22, 2026, in accordance with a November 20, 2025 Order issued by the Honorable Brandon L. Shannon of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Stay Order").[2]

As explained in Plaintiffs' Complaint for Damages, defendants in this action are current and former directors and officers of CaaStle, Inc. ("CaaStle"), who Plaintiffs allege engaged in a conspiracy to defraud them into making and retaining investments in CaaStle by disseminating false and misleading information about CaaStle.[3] Several of these same defendants are also named as defendants in the related case *P180, Inc. v. Singh et al.*, No. 1:25-cv-4432-VM (S.D.N.Y.) (the "P180 Action"), currently pending before Your Honor.

On June 20, 2025, CaaStle commenced a voluntary case under chapter 7 of title 11 of the Bankruptcy Code.[4] On September 18, 2025, the trustee for CaaStle's bankruptcy estate filed a motion to preliminarily enjoin the prosecution of lawsuits filed against directors and officers of

---

[1] Alan Aaron, Alpine Members LLC, Ananda OM LLC, Ananta-OM Foundation LLC, Andrew E. (Trey) Beck III, Cedomir Crnkovic, Delta Master II, L.P., Dive Members LLC, Flying Ventures LLC, GB Members LLC, K. David Isaacs, Yale B. Isaacs, Vijay Jayant, KCP Capital Ltd., Knafel Family Foundation, Kubera Venture Capital Fund I, LP, Sanjay Motwani, Krzystof Nyzio, Prospect Innovations, L.P. – Fund Series 2, Rockstream Members LLC, Valerie Rubsamen, SA 1107 LLC, Deepak (Dan) Shamdasani, Shanti Family Trust LLC, Shanti Family Trust Exempt LLC, Shanti Family Trust Non Exempt LLC, David Silver, Sobsesha Limited, Sretno LLC, Jenna Lee Volkwyn, Steven Sven Volkwyn, Londa Weisman, Whire Members LLC, Malcolm D. Winter, 2011 William Scherlis Family Irrevocable Trust, and The 734 Trust.

[2] *See* Exhibit A.

[3] *See generally* ECF No. 1.

[4] *In re Caastle, Inc.*, No. 25-11187-BLS (Bankr. D. Del.)

B|E|S  BRAGAR EAGEL & SQUIRE, P.C.

Honorable Victor Marrero
March 24, 2026
Page 2

CaaStle, which appeared to encompass the claims that Plaintiffs have since asserted in this action.[5] Subsequently, Plaintiffs and the trustee reached an agreement that Plaintiffs would be permitted to file this action, subject to a stay for a period of at least six months following the commencement of this action (the "Stipulation").[6] Judge Shannon approved the Stipulation in its entirety in the Bankruptcy Stay Order. We understand that in the related P180 Action there is also a temporal stay of certain proceedings.

Under the terms of the Stipulation, Plaintiffs are permitted to "take any actions reasonably necessary to effect service on all defendants."[7] Since the commencement of this action on January 22, 2026,[8] Plaintiffs have worked to effect service on each of the named defendants. Service has been waived by counsel for defendants John Hennessy,[9] George Goldenberg,[10] and J.P. Singh.[11] Plaintiffs first made efforts to obtain a waiver of service from defendant Christine Hunsicker's counsel in the P180 Action. However, Hunsicker's counsel did not confirm that he was able to waive service on Hunsicker in this matter. Accordingly, on March 14, 2026, Plaintiffs served Hunsicker at her residence in New Jersey.[12]

Finally, despite diligent efforts, Plaintiffs have been unable to serve defendants Scott Callon and Chirag Jain. Plaintiffs' counsel sought to obtain a waiver of service from an attorney we understood was representing Callon in another matter related to CaaStle, but we have received no response to a request for a waiver. Plaintiffs have also made several attempts to personally serve Callon at his residence in California but have not been successful.[13] Plaintiffs understand that Callon, despite being a resident of California, may now be living in Japan. Plaintiffs have been unable to locate defendant Chirag Jain. Upon information and belief, Jain may currently be in India, but Plaintiffs do not have current information regarding his whereabouts.

As Your Honor is aware, the parties in the P180 Action filed a proposed case management plan on March 17, 2026, which stated that P180 had not yet served defendant Callon or Jain and had begun making attempts under the Hague Service Convention to serve Callon in Japan and Jain in India.[14] Plaintiffs also will pursue service on Callon and Jain as necessary and required under the Hague Service Convention, but that process will take time to complete.

---

[5] Ex. A at 5.
[6] *Id.* at 6.
[7] *Id.* at 6.
[8] ECF No. 1.
[9] ECF No. 12.
[10] ECF No. 13.
[11] ECF No. 14.
[12] ECF No. 15.
[13] Ex. B.
[14] P180 Action, ECF No. 80, at 2-3.

NEW YORK          SOUTH CAROLINA          CALIFORNIA

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

Honorable Victor Marrero
March 24, 2026
Page 3

Accordingly, Plaintiffs respectfully request that the Court enter an Order staying this case until July 22, 2026, in accordance with the Bankruptcy Stay Order, while Plaintiffs continue efforts to effect service on Callon and Jain.

We appreciate Your Honor's time and consideration of these matters.  Counsel is available to answer any questions the Court may have.

Sincerely,

*/s/ Lawrence P. Eagel*
Lawrence P. Eagel

cc:   Counsel of Record via ECF

NEW YORK     SOUTH CAROLINA     CALIFORNIA