# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CaaStle, Inc.<br><br><br>⎯⎯⎯⎯⎯⎯<br>Debtor.<br>GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>KSV CAASTLE HOLDINGS L.P., KSV CAASTLE HOLDINGS II L.P, and P180 Inc.<br><br>Defendants. | x Chapter 7<br>⋮ Case No. 25-11187-BLS<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮<br>⋮ Adv. Pro. No.: 25-52349-BLS<br>⋮<br>⋮ Re: Adv. D.I. _3, 6_, 30<br>⋮<br>⋮<br>⋮<br>x |

**ORDER APPROVING THE STIPULATION ENTERED INTO BETWEEN GEORGE L. MILLER, THE CHAPTER 7 TRUSTEE, AND THE INVESTOR GROUP REGARDING <u>PRELIMINARY INJUNCTION</u>**

Upon consideration of the *Chapter 7 Trustee's Motion for Injunctive Relief under Sections 105(a) and 362(a) of the Bankruptcy Code and a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure* (the "Motion")[1]; the *Reservation of Rights/Objection of Investor Group to Chapter 7 Trustee's Motion for Injunctive Relief under Sections 105(a) and 362(a) of the Bankruptcy Code and a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure* the ("Objection"); the *Stipulation Resolving the Investor Group's Objection to the Trustee's Motion for Preliminary Objection* (the "Stipulation"); and this Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having considered the Motion and the Stipulation, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved in its entirety.

2. The Stipulation and this Order shall be effective and enforceable immediately upon entry hereof.

3. The Parties to the Stipulation are authorized to perform any and all obligations as set forth in the Stipulation.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 20th, 2025**
**Wilmington, Delaware**

_____
**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

2

#125333933v2

**EXHIBIT 1**

(Stipulation)

#125333933v1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAASTLE, INC., | ) | |
| | ) | Case No. 25-11187-BLS |
| Debtor, | ) | |
| | ) | |
| ------------------------------------------------------------ | | |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KSV CAASTLE HOLDINGS L.P., KSV CAASTLE HOLDINGS, II L.P. and P180, INC., | ) ) ) | Adv. Pro. No. 25-52349-BLS |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION RESOLVING THE INVESTOR GROUP'S OBJECTION**
**TO THE TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION**

This stipulation is entered into by and between the CaaStle, Inc. investors set forth on Exhibit "A" hereto (the "Investor Group") represented by Bragar Eagel & Squire, P.C. and George L. Miller (the "Trustee") in his capacity as Chapter 7 Trustee for the estate of CaaStle, Inc. (the "Debtor").

WHEREAS, on June 20, 2025 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee was subsequently appointed as the Chapter 7 trustee in this case.

WHEREAS, on September 18, 2025, the Trustee commenced the above-referenced adversary proceeding and filed his Verified Complaint for Declaratory Relief Under Section 362(A) of the Bankruptcy Code, Injunctive Relief under Section 105(A) and 362(A) of the Bankruptcy Code, and a Preliminary Injunction Under Rule 7065 of the Federal Rules of Bankruptcy Procedure, against KSV CaaStle Holdings L.P., KSV CaaStle Holdings, II L.P. and P180, Inc.

WHEREAS, also on September 18, 2025, the Trustee filed a motion in the above-captioned bankruptcy proceeding (the "Motion") pursuant to section 362 of chapter 11 of title 11 of the United States Code  (the "Bankruptcy Code") and (ii) section 105(a) of the Bankruptcy Code and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the issuance and entry of an order preliminarily enjoining the adversary proceeding defendants from continuing their prosecution of lawsuits filed against Christine Hunsicker and/or other directors and officers of the Debtor.

WHEREAS, the Motion referenced the request for documents made by certain members of the Investor Group and appears to seek an injunction that would enjoin the filing of any suits asserting direct claims by members of the Investor Group.

WHEREAS, on October 13, 2025, the Investor Group filed a Reservation of Rights/Objection to the Trustee's Motion to preserve their rights and oppose entry of any relief barring them from asserting these claims.

WHEREAS, counsel for the Trustee and the Investor Group have been working to address and resolve the issues raised in the Motion as it relates to claims that might be filed by the Investor Group and have reached agreement regarding any claims that the Investor Group might file.

#125318800v1

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. Members of the Investor Group shall be permitted to commence an action(s) relating to the Debtor against any non-debtor defendants. Upon filing of any such action, the action(s) shall be stayed for a period of at least six months following the commencement of the action(s), except that the members of the Investor Group shall be permitted to take any actions reasonably necessary to effect service on all defendants.

2. The stay will remain in place until lifted by agreement of the parties to this Stipulation or Order of the Bankruptcy Court.

3. Upon the expiration of the six-month stay period, the Investor Group shall have the right to file appropriate papers with the Bankruptcy Court to modify or lift the stay. The Trustee shall have a period of at least 10 calendar days to respond thereto. The parties reserve all rights as to their positions on the merits of whether the actions should be further stayed, including the respective burdens of proof.

4. Notwithstanding the foregoing, in the event the Bankruptcy Court denies the Trustee's Motion in its entirety, the stay provided for in this Stipulation shall automatically be terminated upon the expiration of the six-month stay period provided for herein, without the need for the Investor Group to file a motion with the Bankruptcy Court.

5. The terms of this Stipulation shall apply to any individual or entity which purchased shares in the Debtor prior to the Petition Date and enters into an engagement letter with Bragar Eagel & Squire, P.C., as counsel to the Investor Group subsequent to the date of this Stipulation, provided that the undersigned counsel to the Investor Group first represents in writing to the

3

#125318800v1

Trustee that such individual or entity has retained such counsel subsequent to the date of this Stipulation with respect to action(s) relating to the Debtor against non-Debtor defendants.

6.       The Court will retain exclusive jurisdiction over all disputes relating to this Stipulation.

Dated: November 20, 2025

| COLE SCHOTZ P.C. | DILWORTH PAXSON LLP |
|---|---|
| */s/ G. David Dean*<br>G. David Dean (No. 6403)<br>Melissa M. Hartlipp (No. 7063)<br>500 Delaware Avenue, Suite 600<br>Wilmington, Delaware 19801<br>(302) 651-2012<br>Email: ddeab@coleschotz.com<br>        mhartlipp@coleschotz.com<br><br>BRAGAR EAGEL & SQUIRE, P.C.<br>Lawrence P. Eagel (pro hac vice)<br>Brandon Walker (pro hac vice pending)<br>810 Seventh Avenue, Suite 620<br>New York, NY  10019<br>Telephone (212) 30-5888<br>Email: eagel@bespc.com<br>        walker@bespc.com<br><br>*Counsel to the Investor Group* | */s/ Peter C. Hughes*<br>Peter C. Hughes (No. 4180)<br>800 N. King Street, Suite 202<br>Wilmington, DE 19801 (302)<br>571-9800<br>phughes@dilworthlaw.com<br><br>*Counsel to George L. Miller, in his capacity as Chapter 7 Trustee* |

4

#125318800v1

# **EXHIBIT A**

[Investor Group]

#125318800v1

**BES** BRAGAR EAGEL & SQUIRE, P.C.

## <u>CLIENT LIST</u>

1. Alan Aaron
2. Alpine Members LLC
3. Ananda OM LLC
4. Ananta-OM Foundation LLC
5. Andrew E. (Trey) Beck III
6. Cedomir Crnkovic
7. Delta Master II, L.P.
8. Delta Offshore Master II Ltd. Co.
9. Dive Members LLC
10. Flying Ventures LLC
11. GB Members LLC
12. K. David Isaacs
13. Yale B. Isaacs
14. Vijay Jayant
15. KCP Capital Ltd.
16. Knafel Family Foundation
17. Kubera Venture Capital Fund I, LP
18. James McKee
19. Nue Capital LLC
20. Krzystof Nyzio
21. Prospect Innovations, L.P. – Fund Series 2
22. Rockstream Members LLC
23. Valerie Rubsamen
24. SA 1107 LLC
25. Sanjay Motwani
26. Deepak (Dan) Shamdasani
27. Shanti Family Trust LLC
28. Shanti Family Trust Exempt LLC
29. Shanti Family Trust Non Exempt LLC
30. David Silver
31. Sobesha Limited
32. Sretno LLC
33. Jenna Lee Volkwyn
34. Steven Sven Volkwyn
35. Jonathan Webb
36. Londa Weisman
37. Whire Members LLC
38. Malcolm D. Winter

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

November 19, 2025
Page 2

39. 2011 William Scherlis Family Irrevocable Trust
40. The 734 Trust

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**